UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.:23-cr-00137-01 |
| | * | |
| VERSUS | * | CHIEF JUDGE DOUGHTY |
| | * | |
| RICHARD DEAN HICKS | * | MAGISTRATE JUDGE MCCLUSKY |

**OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE**

Comes now, the United States of America, through its attorneys, Brandon B. Brown, United States Attorney for the Western District of Louisiana, and Tennille M. Gilreath, Assistant United States Attorney, who hereby oppose the defendant's Motion to Continue, and states as follows:

1.

On September 27, 2023, a superseding indictment was filed charging the defendant with Attempted Sexual Exploitation of a Minor in violation of 18 U.S.C. §§ 2422(b) and 2, Sex Trafficking of a Minor in violation of 18 U.S.C. §§ 1591(a)(1) and 2, Promotion and Solicitation of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(3)(B) and (b)(1), and four counts of Attempted Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2.

2.

This matter is currently set for trial to begin on April 1, 2024. The defendant has filed a motion to extend the deadline for disclosure of expert and continue the trial stating the need for a forensic expert because the bulk of the evidence provided

during discovery was from the government's examination of Mr. Hicks's computer. [Rec. Doc. 38]. However, this is not the case and as a result, the government opposes this motion and requests that the matter proceed to trial as scheduled.

3.

This case began from an investigation targeting individuals who solicit child sex traffickers in the Philippines to either share child sexual abuse material ("CSAM") or as in this case, sexually abuse children via live-streaming videos using Skype. The individuals, including the defendant, would pay the child sex traffickers to sexually abuse children for money. However, the defendant's motion to continue mischaracterizes the evidence. The bulk of the evidence for this case was obtained from Skype and consists of chats between the defendant and the child sex traffickers. The evidence also includes Western Union payments that correlate to the defendant's and child sex trafficker's chats.

Although there was minimal evidence found on the defendant's computer consisting of suspected internet sites containing CSAM material and some chats involving uncharged conduct during the forensic examination, the government does not intend to offer any of this evidence at trial as 404(b) or 414 evidence pursuant to the Federal Rules of Evidence.

4.

As a result, the government contends that the defendant has had ample time to prepare for trial. The right to a speedy trial is "a unique right endemic to both the government and the accused." *United States v. Dyson*, 469 F.2d 735, 738 (5th Cir.

1972). The government asserts that it will be ready to proceed to trial as scheduled and requests the defendant's Motion to Continue the trial be denied.

                                             BRANDON B. BROWN
                                             United States Attorney

By:   /s/ Tennille M. Gilreath
        Tennille M. Gilreath (AR Bar #2005145)
        Assistant United States Attorney
        300 Fannin Street, Suite 3201
        Shreveport, LA 71101
        (318) 676-3600