UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:23-CR-00137-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RICHARD DEAN HICKS (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court are two motions filed by Defendant Richard Dean Hicks ("Hicks"). These are a Motion for Bill of Particulars [Doc. No. 49] and a Motion to Dismiss Counts 1, 2, and 3 of the Indictment [Doc. No. 50]. The Government filed responses to the motions [Doc. Nos. 57, 58]. Hicks replied only to the opposition to the Motion for Bill of Particulars [Doc. No. 60].

For the reasons set forth herein, the Motion to Dismiss and the Motion for Bill of Particulars are **DENIED**.

**I.   BACKGROUND**

On September 27, 2023, Hicks was charged in an eight-count indictment for Attempted Sexual Exploitation of Minor in violation of Title 18 U.S.C. § 2422(b) (Count One); Sex Trafficking of a Minor in violation of Title 18 U.S.C. § 1591(a)(1) (Count Two); Promotion and Solicitation of Child Pornography in violation of Title 18 U.S.C. § 2252 A (a)(3)(B) and B(1) (Count Three); and five counts of Attempted Production of Child Pornography in violation of Title 18 U.S.C. § 2251(a) (Counts Four through Eight) [Superseding Indictment, Doc. No. 24].

On June 3, 2024, Hicks filed the pending motions. Hicks' motion for a bill of particulars relies on the argument that there is a lack of discovery in the case. Particularly, Hicks argues that "The bare bones indictment in this case does not give Mr. Hicks adequate notice of the alleged

crimes and charges against him, leaving [him] to speculate in an attempt to prepare a defense." [Doc. No. 49, p. 2]. Further, Hicks argues that the lack of detail in the indictment implicates Hicks' constitutional protection against double jeopardy by pleading to a specific crime. Hicks further moves for a bill of particulars because he argues that it would protect his Fifth Amendment right to be protected against the Government's ability to file a constructive amendment of the indictment at trial.

Turning to the Motion to Dismiss Counts One, Two, and Three of the Indictment, Hicks argues that these counts should be dismissed on the grounds that they lack specificity and fail to state an offense pursuant to FRCP 12(b)(3)(B)(iii) and (v). Hicks claims that the indictment is insufficient for a lack of specificity in Counts One and Three and fails to state an offense in Counts One and Two.

In opposition to the Motion for Bill of Particulars, the Government argues that the defense is not entitled to the evidence and information that he has requested. Further, the majority of evidence and information is not in the possession of the United States.

In response to the Motion to Dismiss Counts One -Three of the indictment, the Government states "Though the United States does not concede the merit of the defense motion, out of an abundance of caution, the undersigned moves that Counts One, Two, and Three of the Superseding Indictment be dismissed without prejudice." [Doc. No. 57, p. 2]. The Government explains that if the Court does this, then it may either correct any potential errors in the Superseding Indictment or proceed to trial on the remaining counts of the Superseding Indictment.

The matters are ripe, and this Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss

Hicks moves to dismiss Counts One, Two and Three of the Superseding Indictment on the grounds that they lack specificity and fail to state an offense pursuant to Fed. R. Civ. P. 12 (b)(3)(B)(iii) and (v). An indictment must allege each element of the charged offense in order to insure that the grand jury finds probable cause that the defendant committed each element, to prevent double jeopardy, and to provide notice to the accused. *United States v. Bishop*, 264 F.3d 535, 545 (5th Cir. 2001). In reviewing a challenge to an indictment alleging that it fails to state an offense, the Court is required to take the allegations of the indictment as true and to determine whether an offense has been stated. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).

The Court will go through Counts One, Two, and Three and determine whether an offense has been stated in accordance with *United States v. Fontenot*.

#### 1. Count One

Count One of the Superseding Indictment states:

> On or about November 29, 2017, through July 13, 2021, in the Western District of Louisiana, the Defendant, Richard Dean Hicks, used a facility and means of interstate and foreign commerce to knowingly attempt to persuade, induce, entice, and coerce any individual who had not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, including Section 81.3 of the Louisiana Revised Statute (Computer-aided solicitation of a minor), all in violation of Title 18, United States Code, Section 2422(b) and 2. [Doc. No. 24].

The United States Fifth Circuit Pattern Criminal Jury Instruction 2.93 (2019), states:

Title 18, United States Code, Section 2422(b), makes it a crime for anyone to knowingly persuade [induce] [entice] [coerce] [attempt to persuade, induce, entice or coerce] a person under

3

18 years old to engage in any sexual activity for which any person can be charged with a criminal offense by use of any facility or means of interstate [foreign] commerce [the mail].

The essential elements are:

> (1) that the defendant knowingly persuaded, [induced] [enticed] [coerced] [attempted to persuade, induce, entice or coerce] an individual to engage in any sexual activity, or prostitution;
> (2) that the defendant used the Internet, [the mail] [a telephone] [a cell phone] (any facility or means of interstate [foreign] commerce) to do so;
> (3) that the defendant believed that such individual was less than 18 years of age; and
> (4) that, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of _____ under the laws of ___(insert state) (the United States).

Count One covers all four elements. It sets out that Hicks knowingly attempted to persuade, induce, entice and coerce an individual who had not reached the age of eighteen (18) years to engage in any sexual activity by using a facility and means of interstate and foreign commerce. Count One also details that the crime that Hicks can be charged with is Louisiana R.S. 14:81.3, computer-aided solicitation of a minor.

   **2. Count Two**

Count Two of the Superseding Indictment states:

> On or about November 29, 2017 through July 13, 2021, in the Western District of Louisiana, the defendant, **Richard Dean Hicks,** in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means an individual, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe the individual that the individual had not attained the age of 18 years and would be caused to engage in a commercial sex act all in violation of Title 18, United States Code, Sections 1591(a)(1) and 2. [18 U.S.C. §§ 1591(a)(1) and 2]. [Doc. No. 24].

4

Hicks argues the Indictment fails to state an offense in Count Two because it fails to name the individual that was involved in sex trafficking. The pertinent part of Fifth Circuit Pattern Criminal Jury Instruction 2.68 reads:

> Title 18, United States Code, Section 1591(a)(1), makes it a crime for anyone knowingly, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit a person knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud or coercion, or any combination, would be used to cause such person to engage in a commercial sex act or knowing that the person was under the age of 18 and would be caused to engage in a commercial sex act.

The essential elements are:

> *First*: That the defendant knowingly recruited [enticed] [harbored] [transported] [provided] [obtained] [advertised] [maintained] [patronized] [solicited] by any means *(individual named in the indictment)*;
> *Second*: That the defendant committed such act knowing or in reckless disregard of the fact that means of force, threats of force, fraud coercion, or any combination of such means, would be used to cause the person to engage in a commercial sex act [the person had not attained the age of 18 years and would be caused to engage in a commercial sex act]; and
> *Third*: That the defendant's acts were in or affected interstate [foreign] commerce.

In Count Two, the victim is alleged to be "the individual." The name of the victim is not an element of the offense. It identifies the alleged victim. Based upon the discovery information provided, Hicks is well aware who the alleged victim(s) were.

3. **Count Three**

Count Three of the Superseding Indictment states:

> On or about November 29, 2017, through July 13, 2021, in the Western District of Louisiana, the defendant, Richard Dean Hicks, did knowingly advertise, promote, present, distribute, or solicit through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate and foreign commerce

5

> by any means, including by computer, any material or purported material in a matter that reflected the belief, or that was intended to cause another to believe, that the material or purported material was, and contained, an obscene visual depiction of a minor engaging in sexually explicit conduct, or a visual depiction of an actual minor engaging in sexually explicit conduct in violation of Title 18, United States Code, Sections 2252A(a)(3)(B) and (b)(1). [18 U.S.C. §§ 2252A(a)(3)(B) and (b)(1)]. [Doc. No. 24]

Hicks contends that Count Three lacks specificity because it is overbroad, vague, and indefinite. Hicks argues the indictment states a four-year time period during which this conduct is alleged to have occurred, which precludes Hicks from pursuing an alibi defense and harms his defense counsel's duty to investigate. Also, Hicks argues that the indictment simply repeats the language of the statute and does not state any facts.

Although Count Three may appear to be a bare bones recitation of the law, there is ample evidence in the record here that create factual inferences for the Court to draw as they relate to Count Three [Doc. No. 59, Exhs. 1-8]. Second, to be too vague and ambiguous, the defendant must be unable to determine what the defendant is charged with. *Reno v. U.S.*, 317 F.2d 499 (5th Cir. 1963). cert. denied. 84 S.Ct. 72. The aforementioned record citations prove to the Court that Hicks is certainly aware of his charges. Count Three is not vague, overbroad or indefinite.

Accordingly, although the Government moves for the same relief as the Defendant and requests the Court dismiss Counts One - Three with prejudice, the Court DENIES the request. The evidence, when taken as a whole, is astounding, and the Court sees no reason to grant the requested relief.

  **B. Motion for Bill of Particulars**

Fed. R. Civ. P. 7(f) allows the court to direct the government to file a bill of particulars. The granting of a bill of particulars is within the sound discretion of the court. *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). The purposes of a bill of particulars is to obviate

surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in the case of a subsequent prosecution. *Id.* at 970.

In its opposition [Doc. No. 58] the Government detailed the specific charges against Hicks and also attached sealed documents [Doc. No. 59, Exh. 1-8] which were provided to Hicks in discovery. Hicks would engage in skype videochat by using an internet site called "Asian 24/7." Hicks would send money to a Filipino woman. Hicks used the screen name ret7595. In return, the woman would allow Hicks to watch her sexually exploit children. Hicks would tell the adult female what he would like her to do with the children, and she would comply. The actual videos of the sexual exploitation were not saved by Microsoft, but the chat communications between Hicks and the adult female were.

The chat communications [Doc. No. 59, Exh. 1-8], details chats between Hicks and the female on November 29, 2017, December 1, 2017, December 5, 2017, December 17, 2017, December 28, 2017, January 1, 2018, February 8, 2018, February 9, 2018, and February 11, 2018. Hicks would be asked to send money, and after doing so, would tell the female to engage in sex acts with young girls, stated to be fourteen (14) years old and  none (9) years old. Hicks identified himself as Richard Hicks from Louisiana. Hicks would specifically describe what he wanted the female to do to the young girls. Hicks also discussed coming to see them to engage in physical sex acts in January or February 2018, and offered them $500.00 to do so. Hicks tipped them based upon things they did for him.

The chat communications are very detailed and describe specific sex acts. Additionally, the Government stated subpoenaed Western Union documents, which showed payments by Hicks to the adult females during the time the children were being sexually exploited.

7

There is no need for the Government to file a bill of particulars. The specific details of the crimes are set out in detail to enable Hicks to prepare a defense. There is no surprise.

Hicks' Motion for Bill of Particulars is DENIED.

### III.  CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motions [Doc. Nos. 49, 50] filed by Defendant Richard Hicks are **DENIED**.

MONROE, LOUISIANA, this 1st day of July 2024.

_____
Terry A. Doughty
United States District Judge