# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:23-CR-00137-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RICHARD DEAN HICKS (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is a Motion in Limine [Doc. No. 82] filed by Defendant Richard Dean Hicks ("Defendant" or "Hicks"). The Government ("Government") filed a Response to the Motion [Doc. No. 94]. No Reply was filed.

For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

### I.    BACKGROUND AND PROCEDURAL HISTORY

On September 27, 2023, Hicks was charged in an eight-count indictment for Attempted Sexual Exploitation of a Minor in violation of Title 18 U.S.C. § 2422(b) (Count One); Sex Trafficking of a Minor in violation of Title 18 U.S.C. § 1591(a)(1) (Count Two); Promotion and Solicitation of Child Pornography in violation of Title 18 U.S.C. § 2252 A (a)(3)(B) and B(1) (Count Three); and five counts of Attempted Production of Child Pornography in violation of Title 18 U.S.C. § 2251(a) (Counts Four through Eight).[1]

On November 19, 2024, the Government provided Defendant with an intent to call Agent Martin Conley ("Agent Conley") as an expert concerning several topics of child sex exploitation and video chats in the Philippines.[2] Agent Conley's expertise is evidenced by the facts that he has worked hundreds of such cases and has identified approximately 5,000 suspects/customers

---

[1] [Doc. No. 24].
[2] [Doc. No. 94-1].

livestreaming exploitation acts from the Philippines, undergone extensive training, experienced in domestic and international law enforcement in conducting investigations of child exploitation livestreaming, and has testified four times in courts of the Philippines regarding such.

On December 20, 2024, the instant Motion was filed challenging the admissibility of any opinion testimony by Agent Conley regarding Hicks' mental state, or any other elements of the crimes charged.

The issues are briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

"The grant or denial of a motion in limine is considered discretionary[.]" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). "Motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual content during trial." *Luv n'care v. Laurrain*, No. CV 3:16-00777, 2021 WL 3440623 (W.D. La. August 5, 2021). Relevant here, the Court has broad discretion over whether to admit expert testimony. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir.1997); *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009).

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." FRE 702. "Government experts may 'testify as to the general practices of criminals to establish the defendants' modus operandi' which 'helps the jury to understand complex criminal activities, and alerts it to the possibility that combinations of seemingly innocuous events may indicate criminal behavior.'" *United States v. Freeman*, 498 F.3d 893, 906-07 (9th Cir. 2007).

Defendant seeks to exclude the opinion testimony by Agent Conley in several ways. First, Defendant seeks to exclude any testimony that discusses Hicks' mind, motives, or intentions. Second, Defendant seeks to exclude general knowledge as to international child sex trafficking as to Defendant's case. The Government argues that Agent Conley should be allowed to testify to such for context as he is "one of the foremost experts on the exact form of online child exploitation acts in the Philippines."[3]

As held by the Fifth Circuit in *United States v. Anderson*, 560 F.3d 275, 281 (5th Cir. 2009), expert testimony regarding the general characteristics of sex trafficking children was relevant to help shed light on issues regarding the nature of "pimp[ing]." Agent Conley, like the director expert in *Anderson*, is qualified to testify to the general matters regarding sex trafficking in the Philippines. He has worked hundreds of cases and identified approximately 5,000 suspects in livestreaming exploitation acts from the Philippines. Further, he has extensive training in domestic and international law enforcement in how to conduct undercover operations regarding exploitation livestreaming, which is not common knowledge to a trier of fact. Thus,

The Court finds that Agent Conley is able to testify as to the following:

(1) General background on the availability of real minors for live video in the Philippines;

(2) General background on how individuals seeking live exploitation of minors meet online facilities;

(3) General background as to how Skype is used for live video in the Philippines as for use of the exploitation of minors;

(4) General background as to the pricing for video exploitation of minors in the Philippines; and

---

[3] [Doc. No. 94, p. 1].

> (5) General terminology (including the term "private room"), and by persons included in the video exploitation of minors in the Philippines.

Therefore, the Court will allow Agent Conley to testify to the information above because such information is not in the realm of common knowledge of the jury and gives context to the jury regarding video child exploitation cases in the Philippines. Additionally, the Government has provided, and the Court agrees for the reasons states above, that Agent Conley is well qualified to testify to the information above and such information is relevant and reliable to this case at hand.

To be inherently clear, while testifying about the general characteristics of child exploitation and livestreaming in the Philippines, Agent Conley will not be allowed to link Hicks' behavior with the general operation of child exploitation and livestreaming practices. As the Fifth Circuit discussed in *United States v. Sosa*, profiling testimony is when an agent connects a defendant's conduct with the testimony of the general knowledge of the crime. *United States v, Sosa*, 897 F.3d 615, 620 (5th Cir. 2018) (holding "eliciting testimony . . . that [the defendant's] behavior was common" of child sex traffickers or pornographers is impermissible.") Thus, the Court finds that Agent Conley will not be able to give opinions as to the following:

> (1) Opinion testimony as to Hicks' guilt to the crime charged or as to any of the essential elements of the charged offenses;
>
> (2) Opinion testimony as to Hicks' state of mind, motives, and intentions (including whether Hicks' believed minors were involved and/or whether Hicks intended to produce any visual depiction of the alleged minors);
>
> (3) Opinion testimony as to whether real minors were included, whether Hicks was role-playing, and/or whether Hicks actually the individual sending the communications; and

(4) Opinion testimony as to impermissible profiling. Conley may testify as to the typical aspects and/or behavior of a video sex trafficking organization in the Philippines, but not invade the province of jury by matching the general action to Hicks specifically.

## III.   CONCLUSION

For the reasons set forth herein, Hicks' Motion in Limine [Doc. No. 82] is **GRANTED PART** and **DENIED IN PART.**

Hicks' Motion in Limine is **GRANTED** as to Agent Conley connecting Hicks' alleged conduct to the general characteristics of child sex exploitation and streaming in the Philippines.

Hicks' Motion is **DENIED** as to Agent Conley's testimony regarding the general knowledge of child sex exploitation and video streaming in the Philippines.

MONROE, LOUISIANA, this 2nd day of January 2025.

                                                Terry A. Doughty
                                                United States District Judge